# No. 14-51250

# In the United States Court of Appeals for the Fifth Circuit

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

v.

QUENTIN LAVELLE JEFFRIES,

*Defendant-Appellant.*

Appeal from the United States District Court
for the Western District of Texas

## PETITION FOR REHEARING EN BANC

MAUREEN SCOTT FRANCO
Federal Public Defender
Western District of Texas
727 E. César E. Chávez Blvd., B-207
San Antonio, Texas 78206
Tel.: (210) 472-6700
Fax: (210) 472-4454

BRADFORD W. BOGAN
Assistant Federal Public Defender

*Attorney for Defendant-Appellant*

# CERTIFICATE OF INTERESTED PERSONS

## United States v. Quentin Lavelle Jeffries,
## No. 14-51250

The undersigned counsel of record certifies that the persons having an interest in the outcome of this case are those listed below:

1. **Quentin Lavelle Jeffries,** Defendant-Appellant;

2. **Robert Pitman,** Former U.S. Attorney;

3. **Richard L. Durbin, Jr.,** U.S. Attorney;

4. **Greg Gloff** and **Stephanie Smith-Burris,** Assistant U.S. Attorneys, who represented Plaintiff-Appellee in the district court;

5. **Maureen Scott Franco,** Federal Public Defender;

6. **Ricardo Guzman,** who represented Defendant-Appellant in the district court;

7. **Shane Stolarczyk,** who initially represented Defendant-Appellant in this Court; and

8. **Bradford W. Bogan,** Assistant Federal Public Defender, who currently represents Defendant-Appellant in this Court.

This certificate is made so that the judges of this Court may evaluate possible disqualification or recusal.

s/ Bradford W. Bogan
BRADFORD W. BOGAN
*Attorney for Defendant-Appellant*

i

## STATEMENT OF COUNSEL

In my professional judgment, this case warrants reconsideration en banc. The case concerns the continuing validity of Sentencing Guidelines commentary accompanying the "crime of violence" definition in guideline §4B1.2(a). The so-called "residual clause" of that definition, in §4B1.2(a)(2), defines a "crime of violence" to include any offense that "involves conduct that presents a serious potential risk of physical injury to another." Application Note 1 expands the crime of violence definition to include a number of specifically enumerated offenses not found in the guideline itself. U.S.S.G. §4B1.2, comment. (n.1). In *Johnson v. United States*, 135 S. Ct. 2551 (2015), the Supreme Court held that the identically worded residual clause in the Armed Career Criminal Act's "violent felony" definition, 18 U.S.C. § 924(e)(2)(B)(ii), is unconstitutionally vague and therefore void. This case presents the following question: in the wake of *Johnson*, can Application Note 1 serve as a basis—completely independent of the residual clause—for determining that an offense is a §4B1.2(a) crime of violence?

The panel in this case, in a published opinion, answered that question "yes." The panel made that decision without the benefit of post-remand briefing by counsel. That decision conflicts with the First Circuit's recent published opinion in *United States v. Soto-Rivera*, 811 F.3d 53 (1st Cir. 2016), which answered that question "no." The panel's understanding of

Application Note 1 and its relationship to §4B1.2(a)(2)'s residual clause also conflicts with this Court's pre-*Johnson* panel decision in *United States v. Lipscomb*, 619 F.3d 474 (5th Cir. 2010). Consideration by the full Court is therefore necessary to resolve an important question of federal sentencing law on which the panel has created a division of authority both within this circuit and with the authoritative decision of another court of appeals. *See* Fed. R. App. P. 35(a), (b)(1).

# TABLE OF CONTENTS

CERTIFICATE OF INTERESTED PERSONS ................................i

STATEMENT OF COUNSEL......................................... ii

TABLE OF AUTHORITIES............................................v

ISSUE ASSERTED TO MERIT EN BANC CONSIDERATION ....1

COURSE OF PROCEEDINGS AND DISPOSITION
    OF THE CASE ....................................................................2

ARGUMENT AND AUTHORITIES ................................................7

    The Panel's Published Decision Conflicts With an Earlier
    Panel Decision of This Court and a Recent Decision of the
    First Circuit on an Important Issue of Federal Sentencing
    Law.............................................................................................7

    A. In Light of the Supreme Court's Decision in *Johnson v.
       United States*, the Residual Clause in Sentencing
       Guideline §4B1.2(a)(2)'s "Crime of Violence" Definition
       Is Unconstitutionally Vague. ................................................7

    B. Without the Residual Clause, Application Note 1's
       Expansion of §4B1.2's Crime of Violence Definition No
       Longer Has Any Force........................................................10

    C. The Panel's Decision Conflicts with the First Circuit's
       Decision That *Johnson*'s Invalidation of the Residual
       Clause Also Invalidates Application Note 1, and This
       Court's Earlier Decision Holding that Application Note
       1 Has Force Only as an Interpretation of the Residual
       Clause. ................................................................................11

    D. In Light of This Intra- and Intercircuit Conflict, the
       Court Should Rehear This Case En Banc...........................13

CONCLUSION.......................................................................15

CERTIFICATE OF SERVICE......................................................16

# TABLE OF AUTHORITIES

## Cases

*Anders v. California,*
   386 U.S. 738 (1967) ...................................................................... 4, 14

*Jacobs v. Nat'l Drug Intelligence Ctr.,*
   548 F.3d 375 (5th Cir. 2008) ............................................................ 14

*Jeffries v. United States,*
   136 S. Ct. 1492 (2016) ................................................................... 6, 15

*Johnson v. United States,*
   134 S. Ct. 1871 (2014) ........................................................................ 3

*Johnson v. United States,*
   135 S. Ct. 939 (2015) .......................................................................... 4

*Johnson v. United States,*
   135 S. Ct. 2551 (2015) .............................................................. *passim*

*Mercado v. Lynch,*
   No. 14-60539, 2016 WL 2586169
   (5th Cir. May 4, 2016) (per curiam) ................................................ 14

*Stinson v. United States,*
   508 U.S. 36 (1993) ............................................................................ 11

*United States v. Andrews,*
   478 F. App'x 910 (5th Cir. 2012) (per curiam) ................................. 4

*United States v. Carthorne,*
   726 F.3d 503 (4th Cir. 2013) ............................................................ 10

*United States v. Daye,*
   571 F.3d 225 (2d Cir. 2009) ............................................................. 10

*United States v. Guillen-Alvarez,*
   489 F.3d 197 (5th Cir. 2007) .............................................................. 4

*United States v. Jeffries,*
   616 F. App'x 763 (5th Cir. 2015) (per curiam) ................................. 5

*United States v. Jeffries,*
   No. 14-51250, 2016 WL 2848498
   (5th Cir. May 13, 2016) (per curiam)..............................................6, 13

*United States v. Lipscomb,*
   619 F.3d 474 (5th Cir. 2010).....................................................iii, 12, 13

*United States v. McDonald,*
   592 F.3d 808 (7th Cir. 2010)................................................................10

*United States v. Mohr,*
   554 F.3d 604 (5th Cir. 2009)..................................................................9

*United States v. Nieto,*
   721 F.3d 357 (5th Cir. 2013).............................................................2, 9

*United States v. Shell,*
   789 F.3d 335 (4th Cir. 2015)................................................................11

*United States v. Soto-Rivera,*
   811 F.3d 53 (1st Cir. 2016)................................................iii, 11, 12, 14

*United States v. White,*
   571 F.3d 365 (4th Cir. 2009)................................................................10

*United States v. Whitson,*
   597 F.3d 1218 (11th Cir. 2010) (per curiam)......................................10

*United States v. Williams,*
   559 F.3d 1143 (10th Cir. 2009).........................................................10

**Statutes**

Armed Career Criminal Act, 18 U.S.C. § 924(e)............................*passim*

18 U.S.C. § 924(e)(2)(B)........................................................................4, 6

18 U.S.C. § 924(e)(2)(B)(ii) ..............................................................ii, 1, 5

21 U.S.C. § 841(a)(1)................................................................................2

21 U.S.C. § 841(b)(1)(C)...........................................................................2

**Constitutional Provisions**

U.S. Const. amend. V ..................................................................5, 8

**Rules**

Fed. R. App. P. 35(a)...................................................................... iii

Fed. R. App. P. 35(a)(1) ................................................................14

Fed. R. App. P. 35(a)(2) ................................................................14

Fed. R. App. P. 35(b)(1) ................................................................. iii

Fed. R. App. P. 35(b)(1)(B) ...........................................................14

**United States Sentencing Guidelines**

U.S.S.G. §2D1.1 ..............................................................................2

U.S.S.G. §3E1.1 ..............................................................................3

U.S.S.G. §4B1.1(a).................................................................. 2, 3, 10

U.S.S.G. §4B1.1(b)....................................................................3, 10

U.S.S.G. §4B1.1(b)(3) ...................................................................3

U.S.S.G. §4B1.2 ...................................................................... *passim*

U.S.S.G. §4B1.2(a)................................................................. *passim*

U.S.S.G. §4B1.2(a)(2) ............................................................ *passim*

U.S.S.G. §4B1.2, comment. (n.1).......................................... *passim*

U.S.S.G. Ch.5, Pt.A (Sentencing Table)....................................3

U.S.S.G. App. C, amend. 268,
    Reason for Amendment (Nov. 1, 1989)...............................11

**Other Authorities**

Memorandum for the United States,
  *Jeffries v. United States*, 136 S. Ct. 1492 (2016) (No. 15-7300) ............ 6

Petition for Writ of Certiorari,
  *Jeffries v. United States*, 136 S. Ct. 1492 (2016) (No. 15-7300) ...... 6, 15

Petition for Writ of Certiorari,
  *Johnson v. United States*, 135 S. Ct. 2551 (2015) (No. 13-7120) .......... 3

## ISSUE ASSERTED TO MERIT EN BANC CONSIDERATION

The so-called "residual clause" in sentencing guideline §4B1.2(a)(2) defines a "crime of violence" to include any offense that "involves conduct that presents a serious potential risk of physical injury to another." Application Note 1, in the commentary to guideline §4B1.2, expands the crime of violence definition to include a number of specifically enumerated offenses not found in the guideline itself. In *Johnson v. United States*, 135 S. Ct. 2551 (2015), the Supreme Court held that the identically worded residual clause in the Armed Career Criminal Act's "violent felony" definition is unconstitutionally vague and therefore void. This case presents the question: in the wake of *Johnson*, can Application Note 1 serve as a basis—completely independent of the residual clause—for determining that an offense is a §4B1.2(a) crime of violence?

1

## COURSE OF PROCEEDINGS AND DISPOSITION OF THE CASE

Quentin Lavelle Jeffries pleaded guilty to a single-count indictment charging him with possessing cocaine base with the intent to distribute it, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C). (ROA.21, ROA.47.)

The presentence report determined that Jeffries's adjusted offense level, based on application of the drug-trafficking guideline, §2D1.1, was 26. (ROA.201–02.) But the report also concluded that Jeffries was a "career offender" under guideline §4B1.1, which applies if the instant offense of conviction is a felony "crime of violence" or "controlled substance offense," and the defendant has at least two prior convictions for such offenses. U.S.S.G. §4B1.1(a). The term "crime of violence" is defined as 1) an offense that has, as an element, the use, attempted use, or threatened use of physical force against another person; 2) burglary of a dwelling, arson, extortion, or an offense that involves the use of explosives; and 3) an offense that "otherwise involves conduct that presents a serious potential risk of physical injury to another." U.S.S.G. §4B1.2(a). This last portion of the definition is known as the "residual clause." *See, e.g., United States v. Nieto*, 721 F.3d 357, 371 (5th Cir. 2013). Application Note 1 to §4B1.2 expands the definition with an additional list of offenses, including "aggravated assault."

The presentence report based the career-offender determination on two prior convictions: 1) Jeffries's 1999 Texas conviction for aggravated

assault with a deadly weapon, and 2) his 2003 federal conviction for possessing crack with the intent to distribute it. (ROA.202, ROA.209, ROA.212); *see* U.S.S.G. §4B1.1(a), (b)(3). Application of the career-offender guideline triggered an enhanced offense level of 32. (ROA.202); *see* U.S.S.G. §4B1.1(a), (b)(3). A three-level reduction for Jeffries's acceptance of responsibility reduced the total offense level to 29. (ROA.200, ROA.202); *see* U.S.S.G. §3E1.1. The career-offender determination also increased Jeffries's Criminal History Category from IV to VI. (ROA.213); *see* U.S.S.G. §4B1.1(b). The resulting Guidelines range was 151 to 188 months' imprisonment. (ROA.222); *see* U.S.S.G. Ch.5, Pt.A (Sentencing Table).

Jeffries did not object to the career-offender determination. (ROA.175–79, ROA.91–92.) On November 19, 2014, the district court adopted the presentence report without change and sentenced him to 151 months' imprisonment. (ROA.48, ROA.93, ROA.242.) Jeffries appealed. (ROA.55.)

During the time Jeffries's case was pending in the district court, *Johnson v. United States* was proceeding in the Supreme Court. *Johnson* involved the question whether possession of a short-barreled shotgun qualified as a "violent felony" under the Armed Career Criminal Act (ACCA). *Johnson v. United States*, 134 S. Ct. 1871 (2014) (granting cert.); *see* Petition for Writ of Certiorari, *Johnson*, 135 S. Ct. 2551 (No. 13-7120). The

term "violent felony" is defined nearly identically to a "crime of violence" under guideline §4B1.2(a), and includes an identically worded "residual clause." *Compare* 18 U.S.C. § 924(e)(2)(B)*, with* U.S.S.G. §4B1.2(a). On January 9, 2015, while Jeffries's appeal was pending, the Supreme Court issued an order in *Johnson* directing the parties "to file supplemental briefs addressing the following question: 'Whether the residual clause in the Armed Career Criminal Act of 1984, 18 U.S.C. § 924(e)(B)(ii), is unconstitutionally vague[,]'" and setting the case for reargument. 135 S. Ct. 939 (2015).

On April 2, 2015, Jeffries's appointed appellate counsel filed a motion to withdraw and a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967). The brief argued that Jeffries was correctly sentenced as a career offender. *Anders* Br. 42–45. In particular, the brief stated that Jeffries's prior Texas aggravated assault conviction qualified as a crime of violence for purposes of the enhancement. *Anders* Br. 42–44 (citing U.S.S.G. §4B1.2, comment. (n.1); *United States v. Guillen-Alvarez*, 489 F.3d 197, 199–201 (5th Cir. 2007); and *United States v. Andrews*, 478 F. App'x 910, 911 (5th Cir. 2012) (per curiam)). The brief did not mention *Johnson*, nor did it address whether the outcome of *Johnson* would have any effect on application of the Sentencing Guidelines' career-offender enhancement in Jeffries's case. *See Anders* Br. 42–45.

4

On June 26, 2015, the Supreme Court issued its decision in *Johnson*, holding that the residual clause in the ACCA's "violent felony" definition is unconstitutionally vague, and that imposing an enhanced sentence based on that provision violates a defendant's Fifth Amendment right to due process. 135 S. Ct. 2551, 2555–56 (2015).

In mid-September 2015, Jeffries filed a pro se "Motion to Amend Direct Appeal with New Issue." He argued that, in light of *Johnson*, his aggravated assault conviction no longer qualifies as a crime of violence and that he was therefore improperly sentenced as a career offender. On September 30, 2015, this Court issued an opinion "concur[ring] with [Jeffries's] counsel's assessment that the appeal presents no nonfrivolous issue for appeal[,]" and granting the motion to withdraw. *United States v. Jeffries*, 616 F. App'x 763 (5th Cir. 2015) (per curiam). The clerk's office sent Jeffries a letter, dated October 6, 2015, informing him that, "We received your Motion to Amend Direct Appeal with New Issue on 9/22/15. In light of … this court's opinion of 9/30/15, we are taking no action on this motion."

Jeffries then filed a pro se petition for a writ of certiorari in the Supreme Court, again arguing that his aggravated assault conviction no longer qualifies as a crime of violence in light of *Johnson*. Petition for Writ of Certiorari, *Jeffries v. United States*, 136 S. Ct. 1492 (2016) (No.

15-7300). The Solicitor General filed a memo stating that "the appropri-
ate disposition is to grant certiorari, vacate the judgment of the court of
appeals, and remand the case for further consideration in light of *John-
son*." Memorandum for the United States*, Jeffries*, 136 S. Ct. 1492 (No.
15-7300). The Supreme Court did so. 136 S. Ct. 1492.

On remand, a panel of this Court decided Jeffries's case without the
benefit of any additional briefing, with Jeffries still proceeding pro se. In
a published opinion, the panel acknowledged that "[t]he guidelines define
the term 'crime of violence' in the same way that the ACCA defines the
term 'violent felony.' *Compare* U.S.S.G. § 4B1.2, *with* 18 U.S.C.
§ 924(e)(2)(B)." *United States v. Jeffries*, No. 14-51250, slip op. at 2, 2016
WL 2848498 (5th Cir. May 13, 2016) (per curiam). The opinion also noted
that "aggravated assault" is specifically enumerated as a crime of vio-
lence in Application Note 1 to guideline §4B1.2. *Id.*, slip op. at 2–3. "Ac-
cordingly," the panel held, "Jeffries was not sentenced under the ACCA,
nor was he sentenced under the residual clause of § 4B1.2. Therefore, he
has no arguable claim of relief under *Johnson*, even assuming arguendo
that *Johnson*'s analysis applies to career offender determinations under
the sentencing guidelines." *Id.*, slip op. at 3.

6

## ARGUMENT AND AUTHORITIES

**The Panel's Published Decision Conflicts With an Earlier Panel Decision of This Court and a Recent Decision of the First Circuit on an Important Issue of Federal Sentencing Law.**

The Court should rehear this case en banc because the panel's published decision conflicts with an earlier decision of this Court and with a recent published decision of the First Circuit on an important question of federal sentencing law. Specifically, whether the commentary expanding the Sentencing Guidelines "crime of violence" definition in §4B1.2(a) has any force in the wake of the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015).

### A. In Light of the Supreme Court's Decision in *Johnson v. United States*, the Residual Clause in Sentencing Guideline §4B1.2(a)(2)'s "Crime of Violence" Definition Is Unconstitutionally Vague.

In *Johnson v. United States*, the Supreme Court held that the residual clause in the Armed Career Criminal Act (ACCA) is unconstitutionally vague and therefore void, for two reasons. 135 S. Ct. at 2557. First, "the residual clause leaves grave uncertainty about how to estimate the risk posed by a crime." *Id.* That is because it "ties the judicial assessment of risk to a judicially imagined 'ordinary case' of a crime, not to real-world facts or statutory elements." *Id.* Yet the clause offers no way to determine what the ordinary case might be. *Id.* at 2557–58. Second, "the residual clause leaves uncertainty about how much risk it takes for a crime to

qualify as a violent felony." *Id.* at 2558. While "[i]t is one thing to apply an imprecise 'serious potential risk' to standard real-world facts[,] it is quite another to apply it to a judge-imagined abstraction." *Id.* For these reasons—indeterminacy both about how to assess the risk posed by an abstract "ordinary" crime and "how much risk it takes for the crime to qualify as a violent felony"—"the residual clause produces more unpredictability and arbitrariness than the Due Process Clause tolerates." *Id.* Consequently, "imposing an increased sentence under the residual clause of the ACCA violates the Constitution's guarantee of due process." *Id.* at 2557, 2563.

The Sentencing Guidelines' career offender enhancement incorporates a definition of "crime of violence" that contains an identically worded residual clause. The career offender guideline requires application of an enhanced, minimum offense level, and placement of the defendant in Criminal History Category VI. §4B1.1(b).

> A defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a *crime of violence* or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a *crime of violence* or a controlled substance offense.

§4B1.1(a) (emphasis added). For purposes of the career offender enhancement,

> The term "crime of violence" means any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that—

8

(1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or

(2) is burglary of a dwelling, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another*.

§4B1.2(a). The italicized portion of the definition is known as the "residual clause." *See, e.g., United States v. Nieto*, 721 F.3d 357, 371 (5th Cir. 2013).

*Johnson*'s constitutional holding applies with equal force to the residual clause in guideline §4B1.2(a). Indeed, the Sentencing Commission expressly derived the §4B1.2(a) crime-of-violence definition from the ACCA. *See* U.S.S.G. App. C, amend. 268, Reason for Amendment (Nov. 1, 1989) (stating that "the definition of crime of violence … is derived from 18 U.S.C. § 924(e)"). Because the two definitions are essentially identical, this Court has consistently applied its holdings concerning the ACCA's residual clause to §4B1.2(a)'s residual clause, and vice versa. *See United States v. Mohr*, 554 F.3d 604, 609 n.4 (5th Cir. 2009) (collecting cases). The Supreme Court likewise appears to view the two provisions interchangeably; to demonstrate that it "has proved nearly impossible" to

9

"make sense of the residual clause[,]" *Johnson* pointed to lower court de-
cisions struggling not only with the ACCA, but also with §4B1.2(a)(2).[1]
Consequently, the same interpretive uncertainty and indeterminacy that
rendered the ACCA's residual clause void also dooms guideline
§4B1.2(a)(2)'s residual clause.

## B. Without the Residual Clause, Application Note 1's Expansion of §4B1.2's Crime of Violence Definition No Longer Has Any Force.

Application Note 1 to §4B1.2 expands the crime-of-violence definition
with an additional list of offenses. Excision of the residual clause also
invalidates Application Note 1. Without the residual clause, Application
Note 1's enumeration of additional offenses not found in the guideline no
longer has any force. In *Stinson v. United States*, the Supreme Court held
that Guidelines commentary is authoritative only if it "interprets or ex-
plains a guideline[,]" and not if it "is inconsistent with, or a plainly erro-

---

[1] *See Johnson*, 135 S. Ct. at 2559–60 (discussing *United States v. Daye*, 571
F.3d 225 (2d Cir. 2009) (ACCA); *United States v. White*, 571 F.3d 365 (4th Cir.
2009) (ACCA); *United States v. Carthorne*, 726 F.3d 503 (4th Cir. 2013)
(§4B1.2(a)(2)); *United States v. McDonald*, 592 F.3d 808 (7th Cir. 2010)
(§4B1.2(a)(2)); *United States v. Williams*, 559 F.3d 1143 (10th Cir. 2009)
(§4B1.2(a)(2)); *United States v. Whitson*, 597 F.3d 1218 (11th Cir. 2010) (per
curiam) (§4B1.2(a)(2)).

neous reading of, that guideline." 508 U.S. 36, 38 (1993). Any inconsistency between the text of guideline §4B1.2(a)(2) and its commentary must be resolved in favor of the text of the guideline. *See id.* at 38, 43. Commentary may illuminate or illustrate a guideline's language, but it may not expand its scope or alter its meaning. *See United States v. Shell*, 789 F.3d 335, 345 (4th Cir. 2015) ("§ 4B1.2 provides a … two-part definition of crime of violence in its text, with the commentary serving only to amplify that definition, and any inconsistency between the two resolved in favor of the text"). Without the residual clause, there is nothing left in guideline §4B1.2(a)'s text for Application Note 1 to explain; instead, Application Note 1 now serves only to expand the guideline's scope by including offenses that would not qualify under the force-element or enumerated offense-element clauses of the guideline itself.

**C.  The Panel's Decision Conflicts with the First Circuit's Decision That *Johnson*'s Invalidation of the Residual Clause Also Invalidates Application Note 1, and This Court's Earlier Decision Holding that Application Note 1 Has Force Only as an Interpretation of the Residual Clause.**

Applying *Stinson*, the First Circuit has rejected as "hopeless" the notion that Application Note 1 can serve as "a basis completely independent of the residual clause" for determining that an offense is a §4B1.2(a) crime of violence, in the wake of *Johnson*. *United States v. Soto-Rivera*, 811 F.3d 53, 59–60 (1st Cir. 2016). The court held that "once shorn of the

residual clause § 4B1.2(a) sets forth a limited universe of specific offenses that qualify as a 'crime of violence[ ]'"—those with an element of force and those specifically enumerated in §4B1.2(a)(2)'s text. *Id.* at 60. "There is simply no textual hook in the Guideline that allows us to import offenses not specifically listed therein into § 4B1.2(a)'s definition of 'crime of violence.'" *Id.* Consequently, possession of a machinegun, which is listed as a crime of violence only in Application Note 1, is not a §4B1.2(a) crime of violence. *Id.* at 59–60.

Prior to *Johnson*, this Court likewise recognized that Application Note 1 cannot provide a basis, independent of the text of guideline §4B1.2(a), for treating an offense as a crime of violence. In *United States v. Lipscomb*, the Court considered the question whether a conviction for possession of a sawed-off shotgun was a §4B1.2(a) crime of violence. 619 F.3d 474, 476 (5th Cir. 2010). Application Note 1 specifically treats it as such. *See* U.S.S.G. §4B1.2, comment. (n.1). Nevertheless, this Court observed that the offense must satisfy the residual clause: "For our purposes today, a crime is a crime of violence if it is an 'offense under federal … law, punishable by imprisonment for a term exceeding one year, that … otherwise involves conduct that presents a serious potential risk of physical injury to another.'" *Lipscomb*, 619 F.3d at 477 (quoting §4B1.2(a)(2)). The Court then concluded "that the Sentencing Commission's commentary answers that for us[,]" because it lists possession of a

sawed-off shotgun as a crime of violence. *Id.* Stated another way, *Lipscomb* held that the commentary offense was a crime of violence because the Sentencing Commission said that the offense satisfies §4B1.2(a)(2)'s residual clause, not because Application Note 1 has freestanding definitional authority independent of guideline §4B1.2(a) itself. *See id.*

Notwithstanding *Lipscomb*, and without addressing this issue in detail, the panel here rejected Jeffries's *Johnson*-based challenge to his career-offender enhancement on the ground that his prior aggravated assault conviction "is a specifically enumerated crime of violence under Application Note 1." *United States v. Jeffries*, No. 14-51250, slip op. at 3, 2016 WL 2848498 (5th Cir. May 13, 2016) (per curiam). In the panel's view, that meant that "Jeffries was not … sentenced under the residual clause of § 4B1.2. Therefore, he has no arguable claim of relief under *Johnson*, even assuming arguendo that *Johnson*'s analysis applies to career offender determinations under the sentencing guidelines." *Id.*, slip op. at 3. The panel's decision thus creates both an intra- and intercircuit conflict.

### D. In Light of This Intra- and Intercircuit Conflict, the Court Should Rehear This Case En Banc.

The panel's understanding of Application Note 1 and its relationship to §4B1.2(a)(2)'s residual clause is directly contrary to this Court's prior decision in *Lipscomb*. "Under [this Court's] rule of orderliness, 'one panel

13

of our court may not overturn another panel's decision, absent an intervening change in the law, such as by a statutory amendment, or the Supreme Court, or our *en banc* court.'" *Mercado v. Lynch*, No. 14-60539, 2016 WL 2586169, at *2 (5th Cir. May 4, 2016) (per curiam) (quoting *Jacobs v. Nat'l Drug Intelligence Ctr.*, 548 F.3d 375, 378 (5th Cir. 2008)). For that reason, the Court should rehear this case en banc to maintain uniformity of this Court's decisions. *See* Fed. R. App. P. 35(a)(1).

The panel's ultimate conclusion—that regardless of whether *Johnson*'s holding applies to §4B1.2(a)(2)'s residual clause, Application Note 1 provides an independent basis for classifying an offense as a crime of violence—also is directly contrary to the First Circuit's decision in *Soto-Rivera*. This intercircuit conflict over an important issue of federal sentencing law also warrants rehearing en banc in this case. *See* Fed. R. App. P. 35(a)(2), (b)(1)(B).

Finally, en banc review is also warranted in light of the circumstances of this case. Jeffries's original appointed counsel on appeal moved to withdraw under *Anders v. California*, without mentioning the vagueness challenge that was pending at that time in the Supreme Court and its potential applicability to the career offender enhancement. The panel granted the motion to withdraw, also without noting the issue. Jeffries had attempted to raise the *Johnson* issue in a pro se filing, but the panel

14

did not consider it at that time. Jeffries then was left to file a pro se petition for a writ of certiorari raising the *Johnson* issue. Petition for Writ of Certiorari, *Jeffries*, 136 S. Ct. 1492 (No. 15-7300). At the Solicitor General's suggestion, the Supreme Court granted Jeffries's petition, vacated the judgment, and remanded the case to this Court for reconsideration in light of Johnson. *Jeffries*, 136 S. Ct. 1492. Without asking for additional briefing, or appointing counsel so that the Court could hear oral argument, the panel rejected Jeffries's *Johnson* argument in a published opinion. Such an important question should not be decided without full adversarial presentation of the issue.

## CONCLUSION

For these reasons, Jeffries asks that the Court rehear his case en banc.

Respectfully submitted.

MAUREEN SCOTT FRANCO
Federal Public Defender

s/ Bradford W. Bogan
BRADFORD W. BOGAN
Assistant Federal Public Defender
Western District of Texas
727 E. César E. Chávez Blvd., B-207
San Antonio, Texas 78206-1205
(210) 472-6700
(210) 472-4454 (Fax)
*Attorney for Defendant-Appellant*

## CERTIFICATE OF SERVICE

I hereby certify that on May 27, 2016, I electronically filed this Petition for Rehearing En Banc with the Clerk of Court using the CM/ECF system which will send notification of such filing to Richard L. Durbin, Jr., U.S. Attorney for the Western District of Texas (Attn: Assistant U.S. Attorney Joseph H. Gay, Jr.), via electronic mail.

s/ Bradford W. Bogan
BRADFORD W. BOGAN
*Attorney for Defendant-Appellant*

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 14-51250
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

May 13, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

QUENTIN LAVELLE JEFFRIES,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas

**ON REMAND FROM THE UNITED STATES SUPREME COURT**

Before REAVLEY, SMITH, and HAYNES, Circuit Judges.

PER CURIAM:

The attorney appointed to represent Quentin Lavelle Jeffries moved for leave to withdraw and filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967), and *United States v. Flores*, 632 F.3d 229 (5th Cir. 2011). Jeffries did not file a timely response. We granted the motion to withdraw and dismissed the case as frivolous. *United States v. Jeffries*, 616 F. App'x 763 (5th Cir. 2015), *vacated*, No. 15-7300, 2016 U.S. LEXIS 2191 (Mar. 28, 2016).

Proceeding pro se, Jeffries filed a petition for certiorari in the United States Supreme Court, which we have reviewed together with his (late-filed)

No. 14-51250

briefing in our court.  In his petition for certiorari, Jeffries alleged that he was sentenced pursuant to the residual clause of the United States Sentencing Guidelines § 4B1.2.  The Solicitor General advised that his position was that such arguments about *Johnson* should be returned to the circuit court for ruling in the first instance.  The Court granted the petition, vacated the judgment, and remanded for "further consideration in light of *Johnson v. United States,* 576 U.S. __, 135 S. Ct. 2551 (2015)."  *Jeffries*, 2016 U.S. LEXIS 2191, at *1.  In *Johnson*, the Court examined the "residual clause" of the Armed Career Criminal Act ("ACCA") and concluded that it was unconstitutional, leaving the remainder of the enhancement sections of the ACCA undisturbed. *Johnson*, 135 S. Ct. at 2556, 2563.  *Johnson* addressed the underlying crime of "possession of a short-barreled shotgun."  *Id.* at 2556.

Examining the presentence investigation report (PSR), to which Jeffries did not object on any relevant ground, we determine that he was sentenced as a career offender under the United States Sentencing Guidelines § 4B1.1 which states as follows:

> (a) A defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

U.S.S.G. § 4B1.1.  The effect of this designation is to raise the offense level used to calculate the relevant guidelines sentence (rather than setting a mandatory minimum as is the case with the ACCA).  The guidelines define the term "crime of violence" in the same way that the ACCA defines the term "violent felony." *Compare* U.S.S.G. § 4B1.2, *with* 18 U.S.C. § 924(e)(2)(b).  However, Application Note 1 to § 4B1.2 specifically enumerates aggravated assault as a "crime of violence."

No. 14-51250

Jeffries does not contest that his present conviction and one prior conviction were controlled substance offenses under § 4B1.2. The other prior crime used to designate Jeffries as a career offender was the crime of aggravated assault with a deadly weapon[1] under Texas Penal Code § 22.02, which is a specifically enumerated crime of violence under Application Note 1. *See United States v. Guillen-Alvarez*, 489 F.3d 197, 200–01 (5th Cir. 2007) (addressing Application Notes to U.S.S.G. § 2L1.2(b)(1)(A)). Accordingly, Jeffries was not sentenced under the ACCA,[2] nor was he sentenced under the residual clause of § 4B1.2. Therefore, he has no arguable claim of relief under *Johnson*, even assuming arguendo that *Johnson*'s analysis applies to career offender determinations under the sentencing guidelines.

AFFIRMED.

**Certified as a true copy and issued
as the mandate on May 13, 2016**

**Attest:**

*Jyle W. Cayce*

**Clerk, U.S. Court of Appeals, Fifth Circuit**

---

[1] The PSR attaches the charging instrument and judgment describing his crime as "aggravated assault with a deadly weapon." The charging instrument states that he "intentionally and knowingly use[d] a deadly weapon" causing bodily injury to the victim. Jeffries states that his conviction was pursuant to Texas Penal Code § 22.02.

[2] We previously examined a *Johnson* challenge to an ACCA enhancement based upon a violation of Texas Penal Code § 22.02 and concluded that the defendant there could not prevail under plain error review. *United States v. Guzman*, 797 F.3d 346, 348 (5th Cir. 2015) (rejecting the defendant's *Johnson* challenge because it is not plain that Texas Penal Code § 22.02 is not a violent felony under the force clause of 18 U.S.C. § 924(e)(2)(B)), *cert. denied*, 136 S. Ct. 851 (2016). Here, too, Jeffries's arguments would face plain error review.